UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HILARIO ORTIZ CALDERON,

Defendant.

CASE NO. CR08-5312

ORDER

This matter is before the Court on Hilario Ortiz Calderon's motion to reduce his sentence. Dkt. 92. Ortiz Calderon failed to exhaust his administrative remedies and the Court is therefore without authority to grant relief. His motion is **DENIED**.

## I.   BACKGROUND

The procedural and factual background of Ortiz Calderon's motion are complicated by the fact that he has been incarcerated under more than one cause number. He was still on supervision for his conviction in CR8-5312 when he committed additional offenses leading to his conviction in cause number CR15-5133. Ortiz Calderon has already served his custodial sentence under CR8-5312, but he mistakenly filed his present

ORDER - 1

1   motion for compassionate release under this cause number. The Court untangles his

2   various offenses and sentences below.

3          The Court sentenced Ortiz Calderon to 60 months of imprisonment for the offense

4   of Possession of Methamphetamine with Intent to Distribute in February 2009 under the

5   cause number CR 8-5312. Dkt. 52, ¶ 2. Ortiz Calderon served his sentence and was

6   deported on November 12, 2011. Dkt. 52, ¶ 3.

7          In February 2015, a grand jury charged Ortiz Calderon in a new case, CR15-5133,

8   with Count 1: Possession of Methamphetamine with Intent to Distribute, Count 2: Felon

9   in Possession of a Firearm, and Count 3: Illegal Re-Entry After Deportation. CR15-5133

10  BHS, Dkt. 12. He was detained pending trial. CR15-5133 BHS, Dkt. 10.

11         At the time he committed those CR15-5133 offenses, Ortiz Calderon was still

12  under supervision in his older case, CR8-5312. The United States Probation Office filed a

13  petition alleging Ortiz Calderon had violated the conditions of supervised release by

14  committing the offenses of illegal re-entry after deportation, possession of

15  methamphetamine with intent to distribute, and felon in possession of a firearm. Dkt. 55,

16  60. After Ortiz Calderon was convicted in the CR15-5133 case (partly by guilty plea,

17  partly by bench trial), the Court ruled that he violated his terms of supervision in the

18  older CR8-5312 case. Dkt. 76. The Court imposed a sentence of 132 months in custody

19  for the new crimes under CR15-5133, to be served concurrently with a 24-month sanction

20  for violating the conditions of supervised release in the older case. CR15-5133 BHS, Dkt.

21  152; Dkt. 77.

22

1    Ortiz Calderon has completed the 24-month sentence imposed in this case, CR8-

2    5312. When he completes his longer sentence in CR15-5133 on July 1, 2024, he will be

3    released to the immigration detainer for removal proceedings.

4    Ortiz Calderon moves to reduce his sentence pursuant to 18 U.S.C. §

5    3582(c)(1)(A). Dkt. 92. He argues that the combination of his daughters' medical issues

6    and his vulnerability to COVID-19 constitute "extraordinary and compelling" reasons

7    that justify compassionate release.

8    The Government argues that because Ortiz Calderon is no longer in custody on the

9    cause number under which filed his motion (CR8-5312), the motion is moot. Dkt. 94. It

10   agrees that if Ortiz Calderon filed his motion in the correct case, it would not be moot. *Id*.

11   at 5. The Court construes Ortiz Calderon's present motion as being brought under cause

12   number CR15-5133 out of leniency for the fact that he is filing pro se. *C.f. Hall v.

13   Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the

14   [pro se] pleadings to state a valid claim on which the plaintiff could prevail, it should do

15   so despite the plaintiff's unfamiliarity with pleading requirements.").

16   The Government also argues that he failed to exhaust his administrative remedies.

17   It argues that the Court already rejected compassionate released based on his

18   vulnerability to COVID-19, and that "[b]ecause he will be deported following completion

19   of his sentence, and because they already have a competent caregiver, his children's

20   maladies do not provide an extraordinary and compelling reason to release him early." *Id*.

21   at 1.

22

## II.   DISCUSSION

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).

18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

(Emphasis added).

Accordingly, the Court may reduce the defendant's sentence upon his motion provided that: (1) he has either exhausted his administrative appeal rights of the Bureau of Prison's (BOP's) failure to bring such a motion on his behalf or has waited until 30 days after the applicable warden has received such a request; (2) he has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

**A.      Ortiz Calderon Failed to Exhaust his Administrative Remedies.**

The threshold issue is whether Ortiz Calderon exhausted his administrative remedies. Ortiz Calderon bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate-release motion. *See, e.g.*, *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020). The language of 18 U.S.C. § 3582(c)(1)(A) makes plain that the administrative exhaustion requirement is mandatory. It states that a court "may reduce the term of imprisonment" only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Typically, a defendant satisfies this requirement by attaching an unanswered written request for compassionate release to the warden of the facility where the defendant is confined dated at least 30 days before the defendant files for compassionate release. Ortiz Calderon did not attach any such request to his original motion or his reply. As the Government observes, Ortiz Calderon does not assert that he exhausted his administrative remedies. The statute does not provide an exception to this exhaustion requirement. The Court notes that Ortiz Calderon has successfully exhausted his administrative remedies in a previous motion for compassionate release. *See USA v. Ortiz-Calderon*, CR15-5133 BHS, Dkt. 199. He provides no explanation for failing to do so in his present motion.

Because Ortiz Calderon failed to exhaust his administrative remedies, the Court lacks authority to consider his motion for compassionate release. It therefore **DENIES**

1    Ortiz Calderon's motion without prejudice to re-filing the motion once he complies with

2    the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) or can otherwise meet his

3    burden of proof that he already has done so.

4        Finally, although the Court does not reach the merits of Ortiz Calderon's motion,

5    it cautions him that it considers motions for compassionate release due to the COVID-19

6    to be highly fact-intensive and dependent on factors including the specific conditions of

7    confinement, medical conditions faced by the defendant, and the risks or danger to the

8    community should release otherwise be warranted. The Court has already denied Ortiz

9    Calderon's previous motion for compassionate release on the basis of his vulnerability to

10   COVID-19. *USA v. Ortiz-Calderon*, CR15-5133 BHS, Dkt. 199.

11       Similarly, the Court cautions Ortiz Calderon that to qualify for compassionate

12   release under USSG § 1B1.13(b)(3)(D), he needs to persuade the Court that he is the

13   "only available caregiver" for his daughters. Ortiz Calderon does not argue that the

14   children's mother is incapacitated as required by § 1B1.13(b)(3)(A), although he does

15   assert that caring for the daughters is "too much" for her. Dkt. 92 at 2. Additionally, Ortiz

16   Calderon does not address the fact that his daughters reside in the United States and he

17   will be deported to Mexico upon his release from custody.

18                                  **III.  ORDER**

19       Therefore, it is hereby **ORDERED** that Ortiz Calderon's motion for

20   compassionate release, Dkt. 92, is **DENIED**.

21   //

22   //

1    Dated this 22nd day of April, 2024.

2

3

4                     BENJAMIN H. SETTLE
                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22